<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEMO DIGITAL HOLDINGS CORP., <br><br>     Plaintiff, <br><br>     v. <br><br> XYZ FINANCIAL MARKETS LLC d/b/a CCC INVESTMENTS, QTRADE CAPITAL PARTNERS LLC, BARRY FRIEDMAN, LLEWELLYN JONES, DERRICK KAISER, JEFFREY SASSOON, JOHN and JANE DOES 1-20, and ABC CORPS. 1-10, <br><br>     Defendants. | No. 24cv737 (EP) (JSA) <br><br> **OPINION** |

This action arises out of a business dispute between Defendant XYZ Financial Markets, LLC ("XYZ") and Plaintiff Nemo Digital Holdings Corporation ("Nemo"). After XYZ filed an arbitration claim before the American Arbitration Association ("AAA Arbitration"), Nemo filed this action against XYZ and other Defendants (collectively, "Defendants"), seeking recission of a contract between XYZ and Nemo. D.E. 1. Nemo now moves to stay the AAA Arbitration during the pendency of this action. D.E. 5 ("Nemo Mot."). Defendants cross move to compel arbitration. D.E.s 12, 13 ("Defs. Mot."). The Court decides the motions on the papers. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78(b). For the reasons discussed below, Defendants' Motion will be **GRANTED in part** and **DENIED in part**. Therefore, this action will be **STAYED** pending the disposition of the AAA Arbitration, and Nemo's Motion will be **DENIED**.

## I.      BACKGROUND[1]

On June 14, 2022, XYZ and Nemo entered into an Intellectual Property Purchase Agreement ("IPPA") where XYZ would sell Nemo a cryptocurrency algorithm ("Algo").  *See generally* D.E. 5-1, Ex. A (copy of IPPA).  The executed IPPA included an arbitration clause, drafted by Nemo, providing in part:

> Any disputes in law or equity of any kind arising from or related to this Agreement between the Parties shall be submitted to arbitration before 3 arbitrators of the American Arbitration Association . . . under its commercial rules then in effect, with such arbitration being conducted in Cheyenne, Wyoming.

IPPA Section 10.6 ("Arbitration Clause"); *see also* D.E. 14 ("Friedman Decl.") ¶ 10.

Nemo claims that when it received the Algo on July 28, 2022, it was "not what the parties had come to agree upon," and instead "was incomplete, stripped down, and not functional."  Nemo Mot. at 13, ¶ 52.[2]  After months of discussing additional aspects of the IPPA, on November 24, 2023, Nemo informed XYZ it wanted to terminate the IPPA and refused to pay XYZ.  *See id.* at 14, ¶ 58; Defs. Mot. at 11-12.

On January 19, 2024, XYZ filed the AAA Arbitration against Nemo.  Friedman Decl. ¶ 18, Ex.1; Nemo Mot. at 3, ¶ 10.

In response, on February 7, 2024, Nemo filed this action against Defendants, seeking recission of the IPPA.  *See* D.E. 1 ("Compl.").  Nemo then filed an emergency order to show cause why the AAA Arbitration should not be stayed pending the resolution of this action.  *See generally*

---

[1] The Court includes only the background necessary to resolve the pending motions due to the Court's limited jurisdiction in arbitration matters.  *See John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) (cleaned up) ("[D]istrict courts need only engage in a limited review to ensure that the dispute is arbitrable . . . .").  The background derives mainly from the parties' submissions.  *See generally* Nemo Mot.; Defs. Mot.

[2] Nemo's Motion utilizes both page and paragraph numbers.

Nemo Mot.  Defendants oppose and cross move to compel arbitration pursuant to the IPPA's

Arbitration Clause.  *See* Defs. Mot.  Nemo replies.  D.E. 16 ("Reply").

## II.    ANALYSIS

### A.  The Federal Arbitration Act

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, provides that "[a] written

provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration

a controversy thereafter arising out of such contract or transaction" is "valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2.  The FAA "reflects an emphatic federal policy in favor" of enforcing arbitration

agreements.  *Coiro v. Wachovia Bank, N.A.*, 2012 WL 628514, at *2 (D.N.J. Feb. 27, 2012)

(quoting *KPMG LLC v. Cocchi*, 565 U.S. 18, 21 (2011) (*per curiam*)).  "Before compelling a party

to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate

and (2) the dispute at issue falls within the scope of that agreement."  *Century Indem. Co. v. Certain

Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

To determine if there is an arbitration agreement, courts look to "state law principles

regarding formation of contracts."  *Corchado v. Foulke Mgmt. Corp.*, 2017 WL 627427, at *3

(D.N.J. Feb. 15, 2017) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

"An agreement to arbitrate, like any other contract, must be the product of mutual assent, as

determined under customary principles of contract law."  *Id.* (quoting *Atalese v. U.S. Legal Servs.

Grp., L.P.*, 99 A.3d 306, 312-13 (N.J. 2014)).  As a result, "arbitration agreements may be

invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability."

*Id.* (cleaned up) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010)).

"However, '[a]ny doubt concerning the scope of arbitrability should be resolved in favor of

arbitration.'" *Coiro*, 2012 WL 628514, at *3 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).

### B.   The Arbitration Clause is Enforceable

Defendants argue that the Court must compel arbitration because (1) the Arbitration Clause is a valid and enforceable agreement and (2) Nemo's claims fall within the scope of the Arbitration Clause.  Defs. Mot. at 13-14.  Nemo argues that because the IPPA was allegedly procured by fraud, the Court should first determine whether the IPPA is voidable for fraud, which would in turn invalidate the Arbitration Clause.  *See* Nemo Mot. at 17 ¶¶ 24, 41.  The Court agrees with Defendants.

When determining whether an arbitration agreement is enforceable, "[a] court may not consider challenges to the contract generally—the court may only consider 'issues relating to the making and performance of the *agreement to arbitrate*.'"  *Adler v. Gruma Corp.*, 2023 WL 7490006, at *7 (D.N.J. Nov. 13, 2023) (emphasis added) (quoting *Prima Paint Corp. v. Flood Conklin Mfg. Co.*, 388 U.S. 395, 403 (1967)); *see also id.* ("[A] challenge to the validity of a contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." (quoting *In re Labatt Food Serv., L.P.*, 279 S.W. 3d 640, 648 (Tex. 2009) (collecting cases))).

Nemo does not dispute that it drafted the Arbitration Clause, nor that the parties' disputes fall within the Arbitration Clause's scope.  And Nemo does not argue that the Arbitration Clause that it drafted was procured by fraud.  Rather, Nemo argues that the IPPA *as a whole* was procured by fraud.  *See* Nemo Mot. ¶ 24; Compl. ¶¶ 67-69.  Thus, because Nemo "challenges the arbitration provision only as part of its general challenge" of the IPPA's enforceability, the Court must compel arbitration.  *S. Jersey Sanitation Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 840 F.3d 138, 144 (3d Cir. 2016).

### C.  The Court Refrains From Determining an Award of Attorney's Fees

Section 10.10 of the IPPA provides that:

> [I]n the event the Parties engage in litigation relating to or arising
> out of this Agreement or the performance thereof, the Parties agree
> that the Court shall be asked to determine which Party is the
> prevailing Party to the proceeding or proceedings, and the non-
> prevailing Party or Parties shall, jointly and severally, be liable to
> the prevailing Party in the amount of all reasonable attorney's fees,
> court costs, and all other expenses, incurred by the prevailing Party
> to the proceeding in addition to any other relief to which the
> prevailing Party may be entitled.

Defendants argue, without citation to legal authority, that the Court should award XYZ attorney's fees because Defendants are the prevailing party to this action and Nemo improperly and in bad faith initiated this action.  Defs. Mot. at 22.  Nemo does not respond.

The Court will refrain from awarding attorney's fees in this instance due to its limited jurisdiction.  This Opinion is "merely a preliminary procedural order that is not on the merits[,]" and courts generally decline to interpret who is considered a "prevailing party" at this stage.  *Perry v. NorthCentral Univ., Inc.*, 2012 WL 1753014, at *1 (D. Ariz. May 16, 2012) (collecting cases).

## III.   CONCLUSION

For the reasons stated above, Defendants' Motion will be **GRANTED in part** and **DENIED in part**.  *See* D.E.s 12, 13.  Therefore, this action will be **STAYED** pending the disposition of the AAA Arbitration, and Nemo's Motion, D.E. 5, will be **DENIED**.  An appropriate Order accompanies this Opinion.

Dated: April 11, 2024

Evelyn Padin, U.S.D.J.