**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEMO DIGITAL HOLDINGS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>XYZ FINANCIAL MARKETS LLC *et al.*,<br><br>Defendants. | No. 24cv737 (EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Defendant XYZ Financial Markets LLC's ("XYZ") motion to confirm an arbitration award entered against Plaintiff Nemo Digital Holdings Corp. ("Nemo") and to obtain post-judgment interest pursuant to state law. D.E. 21-1 ("Motion" or "Mot.").[1] Nemo opposes and seeks to vacate the arbitration award under 9 U.S.C. § 10(a)(2)-(4) on grounds that the arbitration panel was biased, engaged in misconduct, and exceeded its authority. D.E. 29 at 1-16[2] ("Opposition" or "Opp'n").[3] XYZ replies. D.E. 30 ("Reply").

The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **DENY** Nemo's request to vacate the arbitration award and will **GRANT in part** XYZ's Motion and **DENY in part** XYZ's Motion.

---

[1] XYZ filed its notice of motion at D.E. 21 and its motion at D.E. 21-1. For ease of reference, the Court refers to D.E. 21-1 as XYZ's Motion.

[2] Because Nemo filed all of its exhibits together with its Opposition without page covers or breaks, the Court refers to the page ranges corresponding to each discrete set of papers within D.E. 29.

[3] Nemo purports to cross-move for vacatur but did not file its Opposition as a motion. *See generally* Opp'n. Nor did Nemo file a cross-reply in response to XYZ's reply. *See* Dkt. Because Nemo seeks vacatur only as part of its opposition to XYZ's Motion, the Court treats Nemo's opposition as a request for vacatur, rather than as a cross-motion for vacatur.

Specifically, the Court will **CONFIRM** the arbitration award and **GRANT** post-judgment interest at the "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," as specified by 28 U.S.C. § 1961, and the Court will **DENY** post-judgment at the rate proposed by XYZ under Wyoming state law.

I. BACKGROUND

A. Factual Background

On June 14, 2022, XYZ and Nemo entered into an Intellectual Property Purchase Agreement where XYZ agreed to sell Nemo a cryptocurrency algorithm. *See* D.E. 31-1 ("IPPA"). The IPPA included an arbitration clause, drafted by Nemo, providing in part:

> Any disputes in law or equity of any kind arising from or related to this Agreement between the Parties shall be submitted to arbitration before 3 arbitrators of the American Arbitration Association . . . under its commercial rules then in effect, with such arbitration being conducted in Cheyenne, Wyoming.

IPPA § 10.6; *see also* D.E. 31 ("Smith Decl.") ¶ 2.

Nemo claimed that the cryptocurrency algorithm it purchased from XYZ was "incomplete, stripped down, and not functional." D.E. 5 at 13. On November 24, 2023, Nemo informed XYZ it wanted to terminate the IPPA, and thereafter Nemo refused to pay XYZ under the terms of the IPPA. *Id.* at 14.

On January 19, 2024, XYZ filed a demand for arbitration with the American Arbitration Association ("AAA") against Nemo. D.E. 14 ¶ 18. Nemo responded by filing an action with this Court on February 7, 2024, seeking rescission of the IPPA. D.E. 1. Nemo sought an emergency order to show cause why the AAA Arbitration should not be stayed during resolution of this action. D.E. 5. XYZ cross-moved to compel arbitration pursuant to the arbitration clause in § 10.6 of the IPPA. D.E. 13. On April 11, 2024, after the parties completed briefing, this Court found the

arbitration clause in § 10.6 of the IPPA enforceable, ordered the parties to arbitrate, and stayed the action pending the resolution of arbitration. D.Es. 19 & 20.

XYZ filed an amended demand for arbitration with the AAA on April 29, 2025. D.E. 21-3 (the "Award") at 2. "After several requests for postponement by [Nemo]," the parties commenced arbitration before a panel of three arbitrators (the "Panel") on August 23, 2024 and concluded on April 28, 2025. *Id.* On May 16, 2025, the Panel entered judgment against Nemo. Award at 14. XYZ's Motion followed.

**B.     The Award**

The Panel found that Nemo "wrongfully breached the terms of the IPPA through its bad-faith efforts to delay or cancel payments under the IPPA, improperly claiming to terminate the IPPA . . . to avoid paying XYZ for XYZ's intellectual property and consulting work." Award at 11. Although noting that "much of Nemo's conduct was improper, and many of its statements . . . may have been knowingly false or reckless," the Panel nevertheless denied XYZ's claims for abuse of process, conversion, and punitive damages. *Id.* at 12. The Panel ordered Nemo to pay XYZ the following costs for breach of contract:

1. Compensatory damages in the amount of $1,750,000.00
2. Attorneys' fees and costs in the amount of $817,773.00; and
3. AAA administrative costs and the arbitrators' compensation in the amount of $114,397.94.

*Id.* at 13. In sum, the Award ordered Nemo to pay XYZ $2,682,170.94. *Id.*

**II.     LEGAL STANDARD**

Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), "[i]f the parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then the prevailing party may move the court to confirm the award. FAA § 9. Under such circumstances, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified,

3

or corrected 'as prescribed' in [FAA] §§ 10 and 11." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting FAA § 9).

District Courts have little authority to disturb arbitration awards. *See United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Our review of arbitration awards "could be generously described only as extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003). Vacatur is rare. *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013). Indeed, justifying vacatur is a "high hurdle. It is not enough . . . to show that the panel committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). There must be more. *Facta Health Inc. v. Pharmadent LLC*, No. 23-2224, 2024 WL 4345299, at *6 n.5 (3d Cir. Sept. 30, 2024).

§ 10 of the FAA provides the four narrow grounds upon which an arbitration award may be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

*Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012) (quoting FAA § 10(a)), *as amended* (Apr. 4, 2012), *aff'd*, 569 U.S. 564 (2013). The party seeking to avoid an arbitration award bears the burden of showing that vacatur is merited under FAA § 10(a). *Handlev v. Chase Bank*, 387 F. App'x 166, 168 (3d Cir. 2010).

4

### III. DISCUSSION

Nemo raises several arguments under § 10(a)(2)-(4) of the FAA that it contends merit vacatur of the Award. None do. Accordingly, because vacatur is not warranted, the Court will **DENY** Nemo's request to vacate the Award. Because vacatur, modification, and correction are either unjustified or unrequested, and because XYZ is entitled to post-judgment interest—albeit on different grounds than XYZ requests—the Court will **GRANT in part** XYZ's Motion and will **DENY in part** XYZ's Motion. Specifically, the Court will **CONFIRM** the Award and permit post-judgment interest under 9 U.S.C. § 1961 and will **DENY** post-judgment interest under Wyoming law.

#### A. Vacatur Under FAA § 10(a)(2) or § 10(a)(3) Is Unwarranted[4]

To merit vacatur under FAA § 10(a)(2), there must be proof of "actual bias, not merely an appearance of bias." *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 371 F. App'x 306, 310 (3d Cir. 2010) (citing *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir. 1989)). The movant must marshal evidence so "powerfully suggestive of bias" that a reasonable person would conclude that the arbitrator's award was motivated by or infected by his partiality. *Id.* (quoting *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1523 n.30 (3d Cir. 1994)).

Courts may also vacate an arbitration award under FAA § 10(a)(3) where the arbitrator engages in conduct "that 'so affects the rights of a party that it may be said that he was deprived of a fair hearing.'" *CPR Mgmt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 245 (3d Cir. 2021) (quoting *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594,

---

[4] Nemo's Opposition does not contain subheadings. *See generally* Opp'n. Because Nemo sometimes refers only to a problem of bias, which sounds in § 10(a)(2), and at other times refers to both bias and misconduct, which sound in § 10(a)(2) and (3), the Court groups its §10(a)(2) and (3) analysis together because it is not *fully* clear which arguments are raised only under § 10(a)(2) or only under § 10(a)(3).

5

599 (3d Cir. 1968)). A party challenging an award under FAA § 10(a)(3) "must show more than error in interpreting or applying the governing law." *Facta Health*, 2024 WL 23435299, at *6 n.5. "Rather, a party must show that the arbitrator's decision 'flies in the face of clearly established legal precedent,' such as where an arbitrator 'appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.'" *Id.* (quoting *Whitehead v. Pullman Group, LLC*, 811 F.3d 116, 121 (3d Cir. 2016)).

Nemo argues the Panel "demonstrated a pattern of partiality that substantially prejudiced Nemo's rights" and "deprived Nemo of a fundamentally fair hearing." Opp'n at 10-12. Nothing Nemo complains about rises to the level needed to suggest that bias or misconduct impermissibly infected the Panel's award or prevented Nemo from having a fair hearing. The Court addresses each of Nemo's complaints below.

Nemo avers that because the Panel refused to adopt certain extensions that Nemo requested based on the multiple major surgeries its principal, John Hanna was undergoing and recovering from, the Panel showed bias. Opp'n at 11. Nemo's Opposition, however, cites only to Mr. Hanna's Declaration, D.E. 29 at 16-20 ("Hanna Decl."), which merely states: "Most concerning was the AAA Panel's clear disregarding for my precarious medical state, stating that they would not be providing me with any additional extension because of the delay leading up to this conference, which was the result of legitimate and serious surgical procedures." Hanna Decl. ¶ 14. The declaration provides no detail regarding how many extensions were already sought and provided, how long of an extension Nemo sought, or what "delay" the parties faced ahead of the conference.

On the other hand, XYZ shows that after the Panel was appointed on June 10, 2024, it scheduled a conference for July 19, 2024, and then adjourned the conference to August 23, 2024

6

after Nemo requested an extension for an indefinite period based on Mr. Hanna's medical condition and Nemo's apparent need to find new counsel. Smith Decl. ¶¶ 7-11. The Panel explained that it would only grant a 30-day continuance because (1) XYZ had a right to prosecute its claims within a reasonable amount of time; (2) Nemo had not shown why its current counsel could not represent it; and (3) Nemo was a corporation, not an individual. Smith Decl., Ex. C. That is all that was required of the Panel. *See Nowak v. Pennsylvania Pro. Soccer, LLC*, 156 F. Supp. 3d 641, 644 (E.D. Pa. 2016) (denying vacatur under FAA § 10(a) because the arbitrator had a "reasonable basis" to deny the movant's requests during the proceedings (quoting *Schmidt v. Finberg*, 942 F.2d 1571, 1574 (11th Cir. 1991))). Nor do Nemo's accusations based on the Panel's refusal to entertain an indefinite extension lead to the conclusion that the Panel unilaterally favored XYZ. *See Freeman*, 709 F.3d at 253 ("The conclusion of bias must be ineluctable, the favorable treatment unilateral."). Accordingly, these complaints do not warrant vacatur.

      Nemo next suggests that the Panel denied discovery which constituted misconduct and itself indicates the Panel's unilateral favoritism. Opp'n at 11-12 (stating the "[P]anel was immediately resistant to an open discovery process" and the Panel "stated there was no mechanism entitled the parties to discovery" (quoting Hanna Decl. ¶¶ 11-13)). But the parties did engage in discovery and did so based upon a schedule Nemo itself agreed to in large part.[5] Smith Decl. ¶ 11 (citing Smith Decl., Ex. D). Because the AAA rules do not require depositions, the Panel asked Nemo on what grounds it should order any. *Id.* ¶ 14; *see* Hanna Decl. ¶ 13. Despite XYZ's opposition to taking depositions, the Panel sided with Nemo and permitted each party to take a deposition and further provided that if good cause were shown, more depositions would be

---

[5] Nemo disagreed with XYZ on how many interrogatories each party should issue and disagreed on whether depositions should be permitted. Smith Decl. ¶ 11.

7

allowed. Smith Decl., Ex. E at 3. Nemo's complaints are therefore again unsuccessful. The Panel's conduct was reasonable and does not evince unilateral favoritism.

Citing nothing, Nemo further complains that the Panel: (1) "systematically denied Nemo access to critical materials . . . necessary to establish Nemo's affirmative claims and defenses,"; (2) imposed short filing deadlines; and (3) refused to appoint a discovery master. Opp'n at 12. XYZ explains, however, that despite having agreed to a discovery schedule, Nemo failed to comply with several discovery deadlines and offered inconsistent explanations for its untimely submissions. Smith Decl. ¶ 18 (citing Smith Decl., Ex. F). The Panel also denied various discovery requests from Nemo because it appeared to the Panel that Nemo improperly sought "to obtain discovery regarding claims against a non-party." Smith Decl., Ex. I at 2 (The Panel ruling "[i]t is not proper to use this arbitration proceeding as a discovery device with respect to possible claims by [Nemo] against a non-party"). The Panel further denied Nemo's request for a discovery master because the point of the discovery master was to help *Nemo* comply with the discovery deadlines it had agreed to, yet Nemo sought for *XYZ* "to bear the expenses." *Id.* at 3; Smith Decl. ¶¶ 20-21.

The Panel's refusal to approve Nemo's repeated and unspecified extension requests, untimely discovery, requests for irrelevant discovery, and requests for XYZ to bear costs for disputes driven by Nemo's inability to effectively litigate do not reflect poorly on the Panel. The Panel's limits on discovery, limits on deadlines, and refusal to impose unnecessary costs on XYZ appear grounded in reason and fairness to *both* parties. *See CPR Mgmt.*, 19 F.4th at 245 (declining to find that an arbitrator's refusal to grant an adjournment merited vacatur of an arbitration award); *Nowak*, 156 F. Supp. 3d at 644 (E.D. Pa. 2016) (declining to grant vacatur where the arbitrator

acted reasonably). These complaints therefore neither show that the Panel was improperly motivated nor that the Panel in bad faith deprived Nemo of an opportunity for a fair hearing.[6]

Finally, Nemo also contends that the Panel expressed contempt at Nemo's continued attempts to litigate in federal court rather than before the Panel. Opp'n at 11. Given this Court's prior opinion ordering the parties to arbitrate, D.Es. 19 & 20, and how strongly the FAA "reflects an emphatic federal policy in favor" of enforcing arbitration agreements, *KPMG LLC v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam), this Court is skeptical that *any* arbitrator would have warmly welcomed Nemo's repeated attempts to escape arbitration.

Because Nemo does not identify any evidence that permits the conclusion that Nemo was denied a fair opportunity for a hearing or that partiality drove the Panel's Award, the Court finds no grounds under either § 10(a)(2) or § 10(a)(3) of the FAA to vacate.

### B.    Vacatur Under FAA § 10(a)(4) Is Unwarranted

Under FAA § 10(a)(4), an arbitrator exceeds his powers "only when [he] strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice.'" *Stolt-Nielsen*, 559 U.S. at 671 (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). Vacatur is therefore warranted when an arbitrator, "for example, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions or issues an award that is so completely irrational that it lacks support altogether." *CPR Mgmt.*, 19 F.4th at 246 (quoting *Sutter*, 675 F.3d at 219-20).

---

[6] Based on Nemo's repeated failure to comply with its discovery obligations, XYZ requested the Panel make adverse inferences. *See* D.E. 21-3 (the "Award") at 2-3. The Panel declined. Even though Nemo "purposefully and voluntarily chose to forego participation in the hearing," the Panel made only reasonable inferences based on the evidence before it. *Id.*

Nemo argues the arbitration panel exceeded its authority by awarding a remedy not provided for under the IPPA and by ignoring "basic principles of contract law." Opp'n at 13.[7] Nemo's complaints, however, do not come close to meeting the high bar needed for vacatur under FAA § 10(a)(4). *See, e.g.*, *Nowak*, 156 F. Supp. 3d at 644 (denying vacatur because the movant alleged only "factual or legal errors, neither of which are valid bases for vacating an arbitrator's award").

Here, Nemo contends that the Panel erred by granting damages despite the IPPA having provided only for "performance obligations and specific deliverables." Opp'n at 13. Not so. For breach of the agreement, the IPPA provides that remedies are available "at law or in equity." IPPA § 10.9. Remedies at law include damages. *See eBay v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (requiring plaintiffs seeking equitable relief to show that "remedies available at law, such as monetary damages, are inadequate"); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 332-33 (1999) (holding that plaintiff could seek only damages for a breach of contract claim because he requested only a remedy at law).[8] Given that the plain text of the IPPA therefore contemplates damages, Nemo fails to show a monetary award could not be "rationally derived from the parties' agreement." *CPR Mgmt.*, 19 F.4th at 246.

---

[7] Nemo cites no law or fact in support of its arguments for vacatur under § 10(a)(4). Because it is the movant's burden to demonstrate vacatur is warranted, the Court may reject Nemo's arguments on these grounds alone. *See Handlev*, 387 F. App'x at 168 ("The party seeking to overturn an award bears a heavy burden as [§ 10(a) lists] 'exceedingly narrow circumstances.'" (quoting *Dluhos*, 321 F.3d at 370)).

[8] Nemo contends that the Panel ignored "basic principles of contract law" and that this was "troubling." Opp'n at 13. What the Court finds "troubling" here, however, are Nemo's arguments, many of which are meritless. It is a basic tenet of law *generally* that remedies at law include monetary damages.

Nemo next argues the Panel "adopted a $30 million valuation and based the compensatory damages on that unsubstantiated figure." Opp'n at 13. A cursory read, however, of the Panel's Award demonstrates exactly from where it derived the "unsubstantiated" $30 million figure—the IPPA. Award at 9 ("Nemo did not meet its goal of raising $5 million, as specified by Section 1.3 of the IPPA, and did not raise capital at a valuation that was at or above Nemo's $30,000,000 valuation target."); IPPA § 1.3 (providing for a "$30,000,000 valuation" as a condition of Nemo's purchase). Nemo again fails to show the Panel exceeded its authority.

Finally, Nemo argues that because it was in financial distress, the Panel exceeded its authority by issuing a $2,682,170.94 award. Opp'n at 13. Nemo's arguments are again meritless. Nemo cites no law, and this Court can find none where "a party's inability to pay has [ever] been the basis for declining to confirm an arbitration award." *Cragwood Managers, LLC v. Reliance Ins. Co.*, 132 F. Supp. 2d 285, 287 (S.D.N.Y. 2001). Accordingly, the Court will not vacate the Award under FAA § 10(a)(4).

Having considering Nemo's arguments to vacate under FAA § 10(a)(2)-(4) and having found none persuasive, the Court will **DENY** Nemo's request to vacate the Award.

### C. The Court Will Confirm the Award and Award Post-Judgment Interest

The Court finds that the Panel duly entered the Award, the Award reflects the Panel's consideration of the evidence before them, the Panel reaches a logical conclusion, and that there is no evidence that any basis to reject the Award exists. *See Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985). Nemo has not moved to modify or correct the Award, and the Court has found that vacatur here is unwarranted. The Court will therefore **CONFIRM** the Award.

XYZ also seeks post-judgment interest. Mot. at 5. "Awarding interest is not a reward, but merely ensures that a monetary judgment will be worth the same when received as when it was awarded." *Rhino Servs., LLC v. DeAngelo Contracting Servs., LLC*, No. 21-3840, 2023 WL 5186254, at *5 (E.D. Pa. Aug. 11, 2023) (citing *Christian v. Joseph*, 15 F.3d 296, 298 (3d Cir. 1994)); *see Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986) ("A confirmed arbitration award made under the Federal Arbitration Act, as this one was, bears interest from the date of the award not from the date of the judgment confirming it.").

XYZ, however, seeks post-judgment interest pursuant to Wyoming law.[9] Mot. at 5. Nemo does not respond to XYZ's request for post-judgment interest. In the Third Circuit, however, post-judgment interest is governed by 28 U.S.C. § 1961, not by state law. *See Sun Ship*, 785 F.2d at 63 (explaining that the "interest rate specified in 28 U.S.C. § 1961" applies to post-judgment interest for confirmed arbitration awards but not necessarily to pre-judgment interest); *see also Checkers Drive-In Rests. v. Pandya*, No. 20-405, 2020 WL 1876054, at *3 (E.D. Pa. Apr. 15, 2020) ("Specifically, in this jurisdiction § 1961 provides for post-judgment interest in cases concerning confirmation of an arbitration monetary award."). This Court will therefore **DENY** XYZ's request for post-judgment interest according to the rate calculation provided by Wyoming law, but will permit post-judgment interest according to the rate calculation provided by 28 U.S.C. § 1961(a).

---

[9] Wyoming law governs the IPPA. IPPA § 10.6; *see also* Opp'n at 5 (explaining that Nemo requested an extension to find new counsel versed in Wyoming law).

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Nemo's request to vacate the Award, **GRANT** XYZ's Motion **in part**, **CONFIRM** the Award against Nemo, and enter judgment in favor of XYZ. The Court will also **GRANT** XYZ post-judgment interest under 28 U.S.C. § 1961 and **DENY** XYZ post-judgment interest under Wyoming law.

An appropriate Order and Judgment accompanies this Opinion.

Dated: December 26, 2025

/s/ Evelyn Padin

Evelyn Padin, U.S.D.J.